# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50896
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2014

Lyle W. Cayce
Clerk

RAMON RODRIGUEZ,

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-905

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Ramon Rodriguez brought suit against Defendant-Appellee Bank of America, N.A., asserting various claims challenging foreclosure proceedings instituted by the lender.  The district court granted judgment in favor of Bank of America and dismissed Rodriguez's claims.  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50896

**I.**

In September 2005, Rodriguez obtained a mortgage in the approximate amount of $128,000 from Security National Mortgage Company ("SNMC") to purchase residential property ("the Property") located in San Antonio, Texas. In obtaining the mortgage, Rodriguez signed a promissory note ("the Note") agreeing to pay the full amount of the Note, plus interest, to the original lender and its successors and assigns. Rodriguez also signed a Deed of Trust ("the Deed") naming Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary and nominee for the original lender and its successors and assigns. The Deed also stated that MERS had the right to exercise any and all interests granted in the Deed including the right to foreclose and sell the Property. In February 2012, MERS assigned its interest as beneficiary under the Deed to Bank of America.[1] The assignment was executed by vice president of MERS, Swarupa Slee. Shortly thereafter, Rodriguez defaulted on the Note by failing to make payments. Consequently, Bank of America accelerated the full amount owed on the remaining balance of the Note and initiated foreclosure proceedings pursuant to the terms of the Deed.

**II.**

In September 2012, Rodriguez filed suit in Texas state court challenging the assignment of the Deed to Bank of America and seeking to enjoin the foreclosure proceedings. A temporary injunction was granted and Bank of America removed the case to federal district court. Rodriguez amended his complaint in the district court proceedings, asserting claims to quiet title and for breach of contract, as well as claims under the Texas Uniform Commercial Code and Chapter 12 of the Texas Civil Practice and Remedies Code. In

---

[1] Additionally, SNMC endorsed the Note to Countrywide Bank, F.S.B., who then endorsed the Note to Bank of America.

2

No. 13-50896

November 2012, Bank of America filed a motion to dismiss Rodriguez's amended complaint under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim upon which relief can be granted." The district court granted the motion, dismissing Rodriguez's claims with prejudice. In his detailed order granting Bank of America's motion to dismiss, the district judge reasoned *inter alia* that Rodriguez lacked standing to challenge the assignment of the Note. Rodriguez appeals herein.

Rodriguez asserts the same primary argument on appeal as he did before the district court, *i.e.*, that the assignment of the mortgage to Bank of America is void because Slee – the vice president of MERS who executed the assignment – had "at least five or more signature variations and that the signature on the assignment in question may not be authentic." Rodriguez further contends that "the document may itself be fake, fraudulent and void because the signature on the document may not actually be the signature of Mrs. Slee." Rodriguez concludes that his "allegations of a false signature support a claim of forgery."

Additionally, without briefing any of these arguments, Rodriguez further contends on appeal that he is entitled to relief for his claims under Chapter 12 of the Texas Civil Practice and Remedies Code, for breach of contract, and because Bank of America did not prove it was the owner of the Note.

## III.

"We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

After considering the parties' arguments as briefed on appeal,[2] and after reviewing the record, the applicable law, and the district court's judgment and

---

[2] Because Rodriguez failed to adequately brief his arguments on appeal with respect to his claims under the Texas Civil Practice and Remedies Code, for breach of contract, and

No. 13-50896

reasoning, we AFFIRM the district court's judgment in favor of Defendant-Appellee Bank of America, N.A., and adopt its analysis in full.

---

that Bank of America did not prove it was the owner of the Note, we hold those claims to be waived herein. *See Arkanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997).

4